## Case No. 6,151.

### HART et al. v. The ENTERPRISE.

[3 Wkly. Notes Cas. 172.]

District Court, E. D. Pennsylvania. 1876.

JURISDICTION IN ADMIRALTY — SHIPS AND SHIPPING—MARITIME CONTRACTS — LIEN ON VESSEL FOR CREW'S WAGES—CONTRACT BY CHARTERER— WHAT ARE MARITIME SERVICES.

[1. Services by seamen upon a vessel sailing between Philadelphia and ports on the Chesapeake Bay are maritime services, and within the jurisdiction of a court of admiralty, even if the evidence shows that the libellants were employed as laborers to obtain a cargo of oysters for the purpose of conveying them to a field in Delaware Bay through an inland route.]

[2. It is no bar to a lien for seamen's wages to answer that the charterer had agreed with the owners to pay them, when the libel expressly sets forth a contract with the master.]

[Cited in The International, 30 Fed. 376.]

[See The Artisan, Case No. 568.]

Hearing on libel and answer. Suit for seamen's wages. The libel alleged that the vessel being at the port of Philadelphia and bound on a voyage thence to ports on Chesapeake Bay and elsewhere, and return, the master, by himself or his agent, hired the libellants to serve as seaman during the said voyage; that no shipping articles were signed, and that libellants had duly performed the voyage, and were justly entitled to their wages, etc. The answer of the master set forth that before the alleged hiring the vessel had been duly chartered by the owners, and that the charterer agreed to pay for its use and all expenses of the voyage, including the wages of respondent; that the charterer was on board from the beginning of the voyage, all the time, and had full control over the vessel; respondent, as navigator, merely having authority to dismiss any of the crew who misbehaved; that libellants had not been hired by the owners nor by their agent, but by the charterer; that they knew that the vessel was chartered, and were notified that they must look for their wages to the charterer and not to the respondent; that the vessel, moreover, was not chartered for any maritime adventure or voyage, but

that libellants were employed as laborers, to go on the vessel through the Delaware Canal, to obtain a cargo of oysters, and not to transport them to any maritime port, but to convey them to Jones Creek, on Delaware Bay, and there plant them, and that the vessel had been so engaged in the business of planting oysters.

Rich & Driver, for libellants.

Mr. Flanders, contra, argued that the vessel was not liable, because no one but the master could create a lien, and the contract in this case was made by libellants with the charterer; and that the court had no jurisdiction because the services were not maritime.

THE COURT, (CADWALADER, District Judge) was of opinion that the vessel was charged with the debt, and that the services performed were maritime services. Decree for libellants; with costs.